Sutliff, J.
The only fact relied upon to sustain the allegation of variance, is that the words “Bawdon, Wright, Hatch & Co., New York,” upon the bill offered in evidence, appeared upon the margin of the bill. The indictment, after the statement that the forged note was “in the letters and figures following,” sets for a copy of the note; and immediately under the signatures of the cashier and president, had expressed, at the foot, the words “Bawdon, Wright, Hatch & Co., New York.” The same words on the original bill (which is made part of the bill of exceptions) appear in the same relative position as expressed in the copy set forth in the indictment. The only objection therefore to these words in the indictment, is to the fact of their being set forth in the indictment, rather than the manner of their being expressed. It is urged by counsel, *that being set forth in the indictment as part of the copy, *285 represents them as material words and part of the bill or note, like the other signatures thereon; whereas, upon inspection of the original bill, it appears, evidently, that these words are no part of the note, but are only designed to represent the names of the engravers of the bill. Therefore, to this argument it might be sufficient to say, inasmuch as the words are the same, and their relative position the same in the copy as in the original, it would follow that there is no variance upon which the objection to the bill being given in evidence could rest. And the fact that the words are no part of tho note, and so immaterial, could not sustain the objection to giving the note in evidence, on the ground of variance. But as a description of the note, like the numbers or letters, the words were very properly inserted in the copy, although not operative words in the bill.
The other objection rests upon section 1 of the act to prohibit the circulation of foreign bank-bills, passed May 1, 1854.
This section provides as follows: “ That from and after the first day of October, in the year of our Lord one thousand eight hundred and fifty-four, it shall be unlawful for any person or persons, firm, or body corporate, to pass, transfer, or circulate, or cause to be transferred or circulated, or to receive or cause to be received, any bank-bill or note of a less denomination than ten dollars, unless said bank-bill or note shall have been issued by, and made payable at, one of the banks of this state, in accordance with the laws of this state; provided, however, that the mere transfer or receiving of such unlawful paper bona fide, for the purpose of sending the same directly out of this state for redemption, shall not be deemed a violation of the provisions of this act.” v
It is urged by counsel on behalf of the plaintiff in error, that by force of this statute, it apjmars to have been imj>ossible that the bank-bill was passed by the accused *with intent “ to prejudice, damage, or defraud,” for that the bank-bill could not, if genuine, be legally passed, or circulated in this state, and was therefore alike worthless, whether true or genuine.
The statute prohibiting the passing foreign bank-bills of a less denomination than ten dollars, for ordinary purposes of circulation within this state, does not destroy the value of such notes. In the hand of the owner such notes still have the value of promissory notes, and are of unimpaired validity against their makers, and retain their value in market without the state. See the case of *286 Starkey v. The State, 6 Ohio St. 267. If, therefore, it were necessary that a-genuine bank-bill should be of real value in order to render one liable for uttering and passing as true and genuine a false, forged, or counterfeit bill, the objection would not obtain in this case. The jury have found from the evidence that the accused did pass such a false and counterfeit bank-bill as described in the statute under which indicted, and with the fraudulent intent expressed; and we think the record shows their finding sustained by the evidence. The judgment of the court of common pleas upon that verdict was, therefore, correctly pronounced, and is affirmed by this court.
Brinkerhoee, C. J., and Soott, Peok, and Gholson, JJ., concurring.